# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

GINO ROBERT REA,

Defendant-Appellee.

FOR PUBLICATION
April 19, 2016
9:15 a.m.

No. 324728
Oakland Circuit Court
LC No. 2014-250517-FH

Before: GLEICHER, P.J., and JANSEN and SHAPIRO, JJ.

GLEICHER, P.J.

The prosecution appeals the circuit court's order dismissing a charge of operating while intoxicated, MCL 257.625, levied against defendant. Because defendant was not operating his vehicle in an area generally accessible to motor vehicles, we affirm.

## I. BACKGROUND

Late one spring night, defendant had a lot to drink and withdrew to his Cadillac sedan to listen to loud music. A neighbor objected to the noise and called the police. Two officers responded. They found defendant seated in his car, the driver's door ajar. The vehicle was parked deep in defendant's driveway, next to his house. An officer instructed defendant to turn down the music. The neighbor complained a second time, and one of the officers returned to the scene. The officer heard no music and could not see the Cadillac.

When the third noise dispatch issued, Northville police officer Ken Delano parked on the street near defendant's home and began walking up defendant's driveway. The door to the detached garage opened and defendant's vehicle backed out for "about 25 feet" before stopping. At that point the car was still in defendant's side or backyard. As noted by the officer:

> Q. . . . So at all times he was either in his side yard or in his own
> backyard, correct?
>
> A. Yes, sir.

Defendant then pulled the car back into the garage. He was arrested as he walked toward his house.

-1-

Here are two photographs depicting defendant's driveway and its relationship to his house:





At no time did defendant's car cross "the front of the house," officer Delano admitted.

The prosecution charged defendant with operating while intoxicated, MCL 257.625(1). The statute provides in relevant part:

> A person . . . shall not operate a vehicle upon a highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of vehicles . . . if the person is operating while intoxicated.

The circuit court granted defendant's motion to quash the information, ruling that "the upper portion of Defendant's private residential driveway" does not constitute an area "generally accessible to motor vehicles."

## II. ANALYSIS

We review for an abuse of discretion a circuit court's decision to quash a criminal information and de novo any underlying questions of statutory interpretation. *People v Lemons*, 299 Mich App 541, 545; 830 NW2d 794 (2013). To bind a defendant over for trial, "the prosecutor must establish probable cause, which requires a quantum of evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt on each element of the crime charged." *People v Yamat*, 475 Mich 49, 52; 714 NW2d 335 (2006) (quotation marks and citations omitted). Dismissal is appropriate only

when no "inference may be drawn establishing the elements of the crime charged" based on the evidence presented. *People v Yost*, 468 Mich 122, 126; 659 NW2d 604 (2003).

Here, the prosecution failed to establish probable cause to believe that defendant "operate[d] a vehicle upon . . . [a] place open to the general public or generally accessible to motor vehicles." The term "generally" means: "to or by most people; widely; popularly; extensively." *Webster's New World Dictionary of the American Language* (2d College ed), p 581. Other dictionaries provide similar definitions:

> **generally . . .** adv. **1.** Popularly; widely; *generally known.* **2a.** As a rule; usually: *The child generally has little to say.* **b.** For the most part: *a generally boring speech.* **3.** Without reference to particular instances or details; not specifically: *generally speaking.* [*The American Heritage Dictionary of the English Language* (5th ed), p 731.]

> **generally** . . . **1** [sentence adverb] in most cases; usually: *the term of a lease is generally 99 years.*

> **2** in general terms; without regard to particulars or exceptions: *a decade when France was moving generally to the left.*

> **3** widely: *the best scheme is generally reckoned to be the Canadian one.* [*New Oxford American Dictionary* (3d ed), p 722.]

Common to all three definitions is the concept of regularity, ordinariness, or normality.

In the statute, the adverb "generally" modifies the adjective "accessible."[1] "An adjective must modify a noun or pronoun." *People v Prominski*, 302 Mich App 327, 334; 839 NW2d 32 (2013). "Generally accessible" in the current statute modifies the noun phrase "other place." The statute thereby prohibits intoxicated driving upon a highway or upon an "other place . . . generally accessible to motor vehicles."

Defendant drove his car from his garage to a point in his private driveway in line with his house. A residential driveway is private property. See MCL 257.44 (" 'Private driveway' means any piece of privately owned and maintained property which is used for vehicular traffic, but is not open or normally used by the public."). Even assuming that the *bottom* of one's private driveway qualifies as a "place open to the general public" or an "other place generally accessible to motor vehicles," reasonable fact finders could not differ on this record that the area of defendant's driveway in which defendant operated his car was not. The "general public" is not

---

[1] "Accessible" is denominated an adjective in all three dictionaries. It means "that can be approached or entered . . . easy to approach or enter." *Webster's New World Dictionary* at 8, or "[e]asily approached or entered," *The American Heritage Dictionary* at 71, or "(of a place) able to be reached or entered: *the town is accessible by bus[;] this room is not accessible to elderly people.*" *New Oxford American Dictionary* at 9.

"widely" or "popularly" or "generally" permitted to "access" that portion of a private driveway immediately next to a private residence.[2] That part of a private driveway is simply not a "place . . . generally accessible to motor vehicles." Rather, it is a place accessible to a small subset of the universe of motor vehicles: those belonging to the homeowner, or those using the driveway with permission.[3] This particular area of defendant's driveway is akin to a moat; it is an area which strangers are forbidden to cross but defendant could wade at will. Defendant consumed alcohol and drove but only in this private area. Accordingly, charges were not supportable.

The prosecution insists that because the driveway was not barricaded and any visitors or delivery persons could access the driveway, the trier of fact must decide whether the specific area in which defendant drove was "generally accessible to motor vehicles." We are unpersuaded. That other vehicles had the ability to enter the area of defendant's driveway between his house and his garage misses the point. Physical ability is not the touchstone of general accessibility. Had the Legislature intended to include every place in which it is physically possible to drive a car, it could have so provided. However, the plain language of the statute prohibits driving while intoxicated in places where cars are regularly, "widely," and "usually" expected to travel. The area of a private driveway between one's detached garage and house is not such a place.

Moreover, had the Legislature wanted to criminalize driving while intoxicated in one's own driveway, it could have outlawed the operation of a motor vehicle in *any* place "accessible to motor vehicles," omitting the adverb "generally." But the statute uses the word "generally" to modify the word "accessible," and the combined modifier to further describe "other place." The commonly understood and dictionary-driven meanings of the term "generally" in this context compel the conclusion that the Legislature meant to limit the reach of MCL 257.625(1). On this record, no one could reasonably conclude that defendant drove in an area open to the public or generally accessible to motor vehicles, other than to defendant and the members of his household. As such, the circuit court properly quashed the information.

We affirm.


/s/ Elizabeth L. Gleicher
/s/ Douglas B. Shapiro

---

[2] We note that our analysis would be different had defendant driven intoxicated in the driveway of an apartment building or other community living center, if defendant's property shared its driveway with the neighboring property, or if defendant proceeded to an area of his driveway where he could encounter a member of the general public.

[3] Again, had a member of the public trespassed upon defendant's rights and driven while intoxicated in this area, a different result might be required.